APPEAL OF FRED S. STEWART CO.

Docket No. 5975.     Decided November 10, 1926.

*Laurence Graves, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the Commissioner.

LITTLETON: This appeal is from the determination of deficiencies of $5,456.77 and $34.71, respectively, for the fiscal years ended January 31, 1920 and 1921. The Commissioner increased petitioner's opening inventory of shoes and hosiery for the year beginning February 1, 1919, in the amount of $6,310.10, the closing inventory at January 31, 1920, in the amount of $11,882.64, and the closing inventory at January 31, 1921, in the amount of $11,641.23, upon the

ground that the inventory was taken neither upon the basis of cost nor upon the basis of cost or market, whichever was the lower. Petitioner claims that its inventories were consistently taken upon the basis of cost or market, whichever was lower.

### FINDINGS OF FACT.

The petitioner is a Massachusetts corporation engaged in selling shoes at retail, with principal office at Atlanta, Ga. It was organized in 1910, since which time it has followed a consistent method of pricing its inventories on the basis of cost or market, whichever was the lower. At the end of each year a physical inventory of all shoes and hosiery on hand was taken at actual cost, in which the various kinds and grades of shoes and the hosiery were listed and priced separately. The figures shown by this inventory were then extended by Fred S. Stewart, who had been president of the company for many years and who was thoroughly familiar with the cost and the market of the shoes and hosiery at the time the inventories were taken, so as to show the cost and the market value of the merchandise when the market value was less than the cost. In some years no change would be made in the inventories of certain departments taken at cost.

On January 31, 1919, the total physical inventory of the fifteen departments in which the various kinds of merchandise were carried, taken at cost, amounted to $65,748.20. The figures on this inventory were then extended by Stewart and the merchandise valued by him at cost or market, as follows:

| Department. | Total inventory. | Reduction to cost or market. | Closing inventory. |
|---|---|---|---|
| A | $11,031.30 | $1,282.75 | $9,748.55 |
| B | 1,453.60 | 1,010.15 | 443.45 |
| C | 6,114.40 | 1,329.60 | 4,784.80 |
| D | 1,950.15 | 1,134.00 | 816.15 |
| E | 3,476.35 | ------------ | 3,476.35 |
| F | 1,623.85 | ------------ | 1,623.85 |
| G | 2,025.60 | ------------ | 2,025.60 |
| H | 858.00 | ------------ | 858.00 |
| J | 6,961.32 | ------------ | 6,961.32 |
| K | 2,920.67 | ------------ | 2,920.67 |
| L | 1,010.20 | ------------ | 1,010.20 |
| M | 6,964.80 | ------------ | 6,964.80 |
| O | 1,782.01 | ------------ | 1,782.01 |
| Hosiery | 6,658.53 | ------------ | 6,658.53 |
| Basement | 10,917.42 | 1,553.60 | 9,363.82 |
| | 65,748.20 | 6,310.10 | 59,438.10 |

At January 31, 1920, the total inventory at cost amounted to $101,338.67. This figure was reduced by Stewart to $89,456.03 to bring it to cost or market, whichever was lower, the reduction being $11,882.64.

The total inventory at cost and the amount by which it was reduced to bring it to the basis of cost or market at January 31, 1921, follow:

| Department. | Total inventory. | Reduction to market | Closing inventory |
|---|---|---|---|
| A | $19, 532. 15 | $4, 136. 10 | $15, 396. 05 |
| B | 16, 567. 85 | 925. 45 | 15, 642. 40 |
| E | 9, 113. 45 | 1, 493. 85 | 7, 619. 60 |
| F | 5, 993. 30 | 1, 150. 85 | 4, 842. 45 |
| G | 2, 481. 19 | 166. 85 | 2, 314. 34 |
| J | 4, 590. 40 | 63. 15 | 4, 527. 25 |
| K | 7, 888. 35 | 291. 69 | 7, 596. 66 |
| L | 6, 026. 00 | 393. 10 | 5, 632. 90 |
| M | 5, 767. 07 | 341. 35 | 5, 425. 72 |
| O | 2. 802. 07 | 461. 98 | 2, 340. 09 |
| Hosiery | 9, 801. 82 | 1, 408. 09 | 8, 393. 73 |
| Basement | 10, 430. 32 | 808. 77 | 9, 621. 55 |
| | 100, 993. 97 | 11, 641. 23 | 89, 352. 74 |

The reasons given by the Commissioner for refusing to approve the petitioner's inventories were that "The adjustments made to inventories represent mark-downs from the purchase price of the goods affected. The greater part of the mark-downs shown in the inventory as at January 31, 1920, represent arbitrary mark-downs at $1,000 each and not taken on any particular goods. It further appears that the inventory was not taken at cost or market whichever [was] lower, as required by the law, and that you have failed to establish that the mark-down price represents actual market or replacement cost."

> *Judgment will be entered for the petitioner upon the issues raised on 15 days' notice, under Rule 50.*